UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EL-ANARA ROMANAC,

                Plaintiff,

v.    **DECISION AND ORDER**

                                                              17-CV-334S

TOWN OF CHEEKTOWAGA, NEW YORK,
MICHAEL CURTIS, and B. BZIBZIAK,

                Defendants.

---

## I.    Introduction

This is a civil rights action from an early morning traffic stop in April 2014. Plaintiff claims that Defendants (Cheektowaga Police Officers Michael Curtis and Brian Bzibziak and the Town of Cheektowaga (hereinafter "Town")) made "an unreasonable, unwarranted and illegal arrest and seizure of his person, assaulted, battered and falsely imprisoned him" (Docket No. 1, Compl. ¶ 2) for a traffic stop. This Court granted in part, denied in part Defendants' Motion (Docket No. 20) for Summary Judgment (Docket No. 31, 2021 WL 409859), ordering the parties to meet with mediator Carol Heckman by May 25, 2021, Romanac v. Town of Cheektowaga, et al., No. 17CV334, 2021 WL 409859, at *18. Familiarity with that Decision and Order is presumed.

Before this Court is Plaintiff's Motion for Sanctions under this Court's Alternative Dispute Resolution ("ADR") plan (Docket No. 35[1]). Plaintiff seeks to recoup his share of

---

[1] Plaintiff submitted his attorney's Affirmation with exhibits, Memorandum of Law, Docket No. 35.
In opposition, Defendants submitted their Attorney's Affirmation, Memorandum of Law, and submitted in camera counsel's letter with exhibit, Docket No. 37.
In reply, Plaintiff submitted his attorney's Reply Affirmation, Docket No. 338.

the costs of mediator Carol Heckman ($322, Docket No. 38, Pl. Atty. Reply Affirm. ¶ 5) for the mediation on May 18, 2021, based upon his allegations of bad faith in the May 18th mediation. He contends that the then-defense counsel at first rejected the need for the May 18th mediation session and then Plaintiff accused said defense counsel of not passing the result of the mediation to Defendant Town of Cheektowaga Board (see id.). The case was not settled after the May 18 session (Docket No. 32 (mediation cert.); Docket No. 33, Jt. Status Report)). The parties scheduled a subsequent mediation session; there is a status report due from the parties by July 26, 2021 (Docket No. 34), but on August 10, 2021 (the expiration of the mediation referral), the parties reported that mediation had concluded without a resolution of the case (Docket No. 39). This Court then scheduled a Status Conference for September 1, 2021 (Docket No. 40).

For the reasons stated herein, Plaintiff's Motion (Docket No. 35) is denied.

## II.     Background

A. Proceedings

Defendants moved for summary judgment (Docket No. 22). This Court denied that Motion in part, leaving Plaintiff's claim for excessive force and false imprisonment from the traffic stop and arrest on April 19, 2014, as alleged in Counts I, II-VI, and VII of the Complaint (Docket No. 31), 2021 WL 409859. This Court ordered the parties to return to Carol Heckman for further mediation of these remaining claims, id. at *18.

B. Plaintiff's Motion for Sanctions (Docket No. 35).

Responses were due by July 19, 2021, and reply by July 26, 2021 (Docket No. 36). The motion then was deemed submitted without oral argument.

### III.     Discussion

A.  Applicable Standards—Western District of New York ADR

This Court's Alternative Dispute Resolution program is a "flexible, non-binding, confidential process in which . . . the Mediator facilitates resolution of the issues . . . and assists with settlement discussions," W.D.N.Y. ADR Plan § 5.1 (Docket No. 37, Defs. Memo. at 1). This process is confidential and private, with no disclosure to this Court of the substance of mediation, W.D.N.Y. ADR Plan § 5.11 (id. at 2). This alternative resolution is to be engaged in good faith by the parties; if not, the party is subject to sanction, W.D.N.Y. ADR Plan § 5.9G (Docket No. 35, Pl. Memo. at fourth unnumbered page).

Parties, however, may move to opt out of mediation within fourteen days after the Rule 16 discovery conference upon showing "good cause" for not mediating the case, W.D.N.Y. ADR Plan § 2.2A., B. Good cause does not include "inconvenience, travel costs, attorney fees, or other costs" to avoid mediation, id. § 2.2C., and the movant must show "why ADR has no reasonable chance of being productive," id.

Under this Court's ADR Plan, all parties and counsel are required to attend mediation sessions, id. § 5.9A., B. (trial counsel required to appear at mediation). A government entity like the Town of Cheektowaga satisfies this attendance requirement "if represented by one or more persons who have, to the greatest extent feasible, authority to settle, and who are knowledgeable about the facts of the case, the agency's or unit's position, and the procedures and policies under which the agency or unit decides whether to enter into proposed settlements," W.D.N.Y.  ADR Plan § 5.9A.2.

3

Mediators are entitled to recover $150 per hour, id. § 5.4A. A party who has not sought in forma pauperis status but claims indigency may move for waiver of payment of the share of the mediator's fee, id. § 5.4E.

B. Parties' Contentions

Plaintiff points to instances showing that Defendants and defense counsel proceeded in bad faith in the May 18th mediation, seeking to recover as a sanction his share of the mediator's fee (Docket No. 35). First, former[2] defense counsel denied that mediation would occur (Docket No. 35, Pl. Memo. at 1; see Docket No. 38, Pl. Atty. Reply Affirm. ¶¶ 3-4), then realize the error when pointed to the Decision and Order of June 2, 2021. Next, Plaintiff contends that Defendants took a "no pay" position during the mediation and that he learned from the Mediator that defense counsel would contact the Town and recommend a resolution of the matter (Docket No. 35, Pl. Memo. at 2). Plaintiff's counsel then asked defense counsel why they would not consent to extension of the mediation deadline (on May 25, 2021, Docket No. 31, Decision and Order, 2021 WL 409859, at *18) and defense counsel replied that he would not meet with the Cheektowaga Town Board about this case, declaring that the case was a "no pay matter" (Docket No. 35, Pl. Memo. at 2; id., Pl. Atty. Affirm., Ex. D). On May 26, Plaintiff's counsel wrote again to defense counsel declaring that Defendants had not engaged in mediation in good faith (Docket No. 35, Pl. Memo. at 3; id., Pl. Atty. Affirm. ¶ 17, Ex. F). Despite taking a "no pay" position, Defendants never moved to opt out of mediation (Docket No. 35, Pl. Memo. at 3; id., Pl. Atty. Affirm. ¶ 19; Docket No. 38, Pl. Atty. Reply Affirm.

---

[2]To date, the docket for this case still has Marylou Roshia as defense counsel of record, but no appearances by current defense counsel, Marc Smith (who filed defense opposing papers, Docket No. 37) and Paul Joyce or any notice of withdrawal or substitution of counsel for Defendants.

4

¶ 6; cf. W.D.N.Y. ADR Plan § 2.2; see also Docket Nos. 12-14, mediation certificates, 2018).

Plaintiff argues that Defendants failed to bring the parties to the mediation, here by defense counsel not informing the Town Board following the mediation session (Docket No. 35, Pl. Memo. at fourth-fifth unnumbered pages; id., Pl. Atty. Affirm Ex. E (Town Board proceedings, May 25, 2021): Docket No. 38, Pl. Atty. Reply Affirm. ¶¶ 7-8).

Defendants opposed.  First, they object to Plaintiff revealing otherwise confidential discussions held during the mediation (Docket No. 37, Defs. Memo. at 1).  They argue that after former counsel recognized the error in rejecting mediation that they submitted their mediation statement to the mediator and participated in the two-hour mediation session (id. at 2; Docket No. 37, Defs. Atty. Affirm. ¶¶ 5-6).  Contrary to Plaintiff's contention, Defendants state that they reported to the Town what occurred during the mediation, the parties' positions, and recommended a disposition to the Town's insurance carrier (Docket No. 37, Defs. Atty. Affirm. ¶ 8; Defs. Counsel in camera submission).

    C. Plaintiff's Motion for ADR Sanctions

Plaintiff seeks recovery of $322, his share of the mediator's fee.  He discusses Defendants' position during the mediation, claiming that Defendants asserted a "no pay" position (see Docket No. 35, Pl. Memo. at 2-3, 5).  Instead of moving to opt out of mediation, Defendants proceeded to mediate but apparently with no intention of resolving the case (Docket No. 38, Pl. Atty. Reply Affirm. ¶ 6; see Docket No. 35, Pl. Memo. at 3), W.D.N.Y. ADR Plan § 2.2.  Plaintiff faults defense counsel for not presenting the case to the Town Board on May 25, 2021, for review and deliberation (Docket No. 38, Pl. Atty.

Reply Affirm. ¶ 7).  He concludes that Defendants (specifically the Town of Cheektowaga) thus acted in bad faith.

First, Plaintiff revealed confidential proceedings before the mediator.  Despite centrality to his argument, this Court acknowledges the disclosure of confidential information but discounts its relevance.

If considered, Plaintiff was told at the end of the May 18th mediation that defense counsel would represent that it would recommend settlement to the Town Board and the next board meeting scheduled for May 25.  Absent a settlement agreement in principle, all that defense counsel suggested was that he would seek a change in the Board's position, which did not occur.

This Court reviewed Defendants' <u>in camera</u> submission, defense counsel's correspondence to the client's insurer on the status of the mediation, the parties' positions, and recommended position for the Town.  Defendants showed that information about the mediation was presented to the Town, hence fulfilling the Town's mediation attendance requirement.  Aside from this attendance requirement, since the parties did not agree upon settlement on May 18, 2021, it is unclear what should have been presented to the Cheektowaga Town Board the week later, despite Defendants' assertion that counsel would do that.

The record here has not shown bad faith on Defendants' part surrounding the May 18th mediation to warrant shifting Plaintiff's share of the mediator's fee. This May 18th mediation session was at the behest of this Court following disposition of the Motion for Summary Judgment, 2021 WL 409859, at *18 (Docket No. 31), given the change in circumstances following that Decision and Order.  Despite counsel's initial reticence,

6

Defendants submitted their mediation statement and engaged in two hours of mediation (Docket No. 37, Defs. Atty. Affirm. ¶¶ 5-6), although adhering to a no pay position. Defense counsel then updated the client through its insurer (Defs. Counsel <u>in camera</u> submission). Although Defendants adhered to their position regarding settlement, they participated in the alternative dispute process in good faith.

Plaintiff fails to show Defendants' nonappearance or participation in the mediation, breaches of mediation confidentiality, counsel making false representations, or other acts of bad faith.

Plaintiff argues that Defendants' adherence to a "no pay" position manifested their bad faith on May 18th and if they did not wish to mediate, they could have moved to opt out. The opt out motion was timely only before October 9, 2017, or fourteen days after the Rule 16 conference before Magistrate Judge Michael Roemer (Docket No. 9), W.D.N.Y. ADR Plan § 2.2A. It is unclear if Defendants could have moved to opt out later, especially after appearing at three mediation sessions prior to May 18, 2021. Thus, Defendants were not obliged (or may not have been able) to opt out and their failure to opt out in 2017 is not a sign of bad faith in a mediation session held years later.

Thus, Plaintiff's Motion for ADR Sanction for purported bad faith (Docket No. 35) is denied.

### D. Status of Case

Parties were to submit by July 26, 2021, a status report on follow up mediation or settlement discussions (Docket No. 34). On August 10, 2021, the parties filed a Joint Status Report indicating that the case had not settled and the time for mediation expired (Docket No. 39).

A Status Conference will be held on Wednesday, September 1, 2021, at 11 A.M (Docket No. 40).

### IV.   Conclusion

Plaintiff has not established Defendants' bad faith in conducting the May 18th mediation to warrant recovery of half of Ms. Heckman's fee.  Without regard to the relative resources of the parties and their ability to afford paying this fee (cf. Docket No. 35, Pl. Atty. Affirm. ¶ 30; Docket No. 38, Pl. Atty. Reply Affirm. ¶ 5), Plaintiff's Motion for ADR Sanctions (Docket No. 35) is denied.  If Plaintiff has an actual hardship in paying the fee (Docket No. 35, Pl. Atty. Affirm. ¶ 30; Docket No. 38, Pl. Atty. Reply Affirm. ¶ 5) although not indicated for the prior sessions before Ms. Heckman (cf. Docket Nos. 12-15) and the present motion is silent as to whether he paid the fee, he could move for waiver of the fee requirement, see W.D.N.Y. ADR Plan 5.4E.

Given the Joint Status Report on the conclusion mediation, there will be a status conference on September 1, 2021, to update this Court (Docket No. 40).

### V.   Orders

IT HEREBY IS ORDERED, that Plaintiff's Motion for ADR Sanctions (Docket No. 35) is DENIED.

SO ORDERED.

Dated:   August 23, 2021
         Buffalo, New York

                                                    s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                  United States District Judge